IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE J. BATTLES, MARY L. BRUCE,
EDDIE L. JOHNSON, PAUL HUNT and
MARY L. CAREY, on behalf of them-
selves and all others similarly
situated,

    Plaintiffs,

vs                                       CIVIL ACTION NO.
                                        MCA-84-2011

PANAMA CITY, FLORIDA; GIRARD
CLEMONS, JR., Mayor; DONNA MORTLAND,
EDGAR DAFFIN, MIKE NELSON, A. C.
LITTLETON, JR., Commissioners of
Panama City, Florida, their suc-
cessors and agents, all in their
official capacities,

    Defendants.

---

## FINAL JUDGMENT

On February 6, 1984, the above named Plaintiffs filed their Complaint against the above named Defendants alleging that at-large city-wide voting for members of the Panama City Commission excludes black representation and participation and minimizes and cancels out black voting strength in violation of their rights secured by the Voting Rights Act of 1965, as amended,

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTH DIST. FLA.
PENSACOLA, FLA.

1985 JAN 11 PM 4:28

FILED

Pub. L. No. 97-205, Sec.3, 96 Stat. 134 (1982), amending 42 U.S.C. Sec. 1973, et seq. (hereafter "Voting Rights Act.").

The Court, having reviewed the status of this action, and being aided by the recommendations of the Plaintiffs' and Defendants' counsel, and being of the opinion that the best interest of all the parties and all the citizens of Panama City, Florida, would be served by approving the Final Judgment, and the Court having reviewed the Final Judgment tendered by Plaintiffs' and Defendants' counsel, finds that the said Judgment was entered into voluntarily by the parties, and that it should be approved,

IT IS THEREFORE, ADJUDGED AND DECREED AS FOLLOWS:

1. This decree extends to all issues set forth in the Complaint in this matter and to the class of Plaintiffs defined as all black residents of the city of Panama City, Florida.

2. This Court has jurisdiction over the subject matter of this action and the parties hereto.

3. All Plaintiffs allege that due to a series of factors, including a history of official racial discrimination within Panama City and the state of Florida, and racially polarized voting in elections within Panama City, the at-large

election system of the Panama City Commission has had the effect of denying the black citizens of Panama City an equal opportunity to participate in the political process and elect candidates of their own choice in violation of Plaintiffs' rights under the Voting Rights Act.

While Defendants do not admit the allegation, they have chosen not to contest same, believing settlement to be in the best interest of all parties.

4. Defendants are enjoined from providing municipal at-large elections in a manner which violates the Voting Rights Act.

5. The attached "Map of Election Districts", Appendix 1, sets forth the plan for Panama City, Florida, to conduct municipal elections for the members of the City Commission in accordance with the Voting Rights Act. Therefore, the Court finds that the "Election District" contained in Appendix 1 as well as Appendices 2 and 3, as submitted, is a proper remedy in this action, and is adopted and incorporated by reference into this Final Judgment as attached.

All elections henceforth shall proceed on a single member district basis; that is, all candidates must reside in the district for which they seek election and only voters in that

particular district shall cast ballots for the particular candidates running in that district, with the exception of the mayor-commissioner, who shall run at large. The present Charter provisions of the City shall govern the election of the mayor-commissioner-at-large.

A commission candidate must obtain a majority of those votes cast in order to be deemed the winner of that district election. In the event that no candidate obtains a majority, those two candidates who obtain the two hightest number of votes shall run in a second run-off election and the candidate obtaining the most votes in the run-off election shall be deemed the winner.

6. That all provisions of the Charter of Panama City, Florida, the Code of Panama City, Florida, and all ordinances which are inconsistent or in conflict herewith be and the same shall be construed and applied in a manner consistent with this Final Judgment.

7. (a) As the prevailing party in this action, Plaintiffs are entitled, pursuant to the Voting Rights Act of 1965, as amended, 42 U.S.C. Sec. 1973 (e) and Civil Rights Attorney Fees Awards Act of 1976, 42 U.S.C. Sec. 1988, to an award of an attorney fees and litigation expense reimbursement.

(b) The parties will attempt to resolve the attorney fees and litigation expense reimbursement. In the event the parties have resolved this issue, the Court shall be so informed and all attorney fees and costs for Plaintiffs' counsel shall be payable to Plaintiffs by Defendants within twenty 20) days after the execution of the Final Judgment.

(c) In the event the parties have not agreed on the amount of Plaintiffs' attorney fees and litigation expenses, Plaintiffs shall file with the Court within twenty (20) days from issuance of the Court's Final Judgment appropriate fee/expense submissions and accompanying memoranda as to this issue. Defendants shall respond within twenty (20) days from Plaintiffs' filing. The Court shall then enter an appropriate order granting Plaintiffs' attorney fees and litigation expenses consistent with the parties' submissions.

8. Upon this Court entering an Order Awarding Attorney Fees, this litigation is terminated and the action is hereby dismissed.

ORDERED AND ADJUDGED this ___11th___ day of January,

1985.

_____
Roger Vinson
UNITED STATES DISTRICT JUDGE


ACCEPTED AND APPROVED BY:

_____   _____
Rowlett W. Bryant               David M. Lipman
BRYANT, HIGBY & WILLIAMS        LIPMAN & WEISBERG
Post Office Box 124             5901 S. W. 74 Street
Panama City, Florida 32402      Suite 304
                                Miami, Florida 33143-5186
904/763-1787                    305/662-2600

DATED  1-8-85                   DATED  1-10-1985

ATTORNEYS FOR DEFENDANTS        ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE J. BATTLES, MARY L. BRUCE,
EDDIE L. JOHNSON, PAUL HUNT and
MARY L. CAREY, on behalf of them-
selves and all others similarly
situated,

    Plaintiffs,

vs

PANAMA CITY, FLORIDA; GIRARD
CLEMONS, JR., Mayor; DONNA MORTLAND,
EDGAR DAFFIN, MIKE NELSON, A. C.
LITTLETON, JR., Commissioners of
Panama City, Florida, their suc-
cessors and agents, all in their
official capacities,

    Defendants.

CIVIL ACTION NO.
MCA-84-2011

---

## APPENDIX
### Table of Contents

1. Map of Election Districts.

2. Demographic Data Reflecting Population and Voter Registration by District.

3. Schedule for New Elections.

4. Legal Description of District Boundaries.

## APPENDIX 1

MAP OF REDISTRICTING PLAN ATTACHED

(Map attached to Appendices)



## APPENDIX 2

### DEMOGRAPHIC DATA REFLECTING POPULATION
### AND VOTER REGISTRATION BY DISTRICT

| District | Total Population | White | (%) | Black | (%) |
|----------|------------------|-------|--------|-------|--------|
| W1 | 8241 | 7253 | (91.3) | 718 | (8.7) |
| W2 | 7965 | 2002 | (25.1) | 5963 | (74.9) |
| W3 | 8488 | 7079 | (83.4) | 1409 | (16.6) |
| W4 | 8469 | 7902 | (93.3) | 567 | (6.7) |

## APPENDIX 3

## SCHEDULE FOR NEW ELECTIONS

The qualifications of candidates and the election of commissioners as provided in the Charter of the City for the position of mayor-commissioners and commissioners from Wards 1, 2, 3 and 4 is enjoined, and the qualification of candidates and their election to office shall be conducted in the following manner:

1. All commission candidates for Wards 1, 2, 3 and 4 and mayor-commissioner-at-large shall qualify as candidates for their respective offices with the City Clerk, on the City's regular business days and during its regular business hours within the period commencing forty-five (45) days but not later than thirty (30) days before the nominating primary election. The nominating primary election shall be held on April 30, 1985, and the regular municipal election shall be held on May 7, 1985. For all succeeding election years, the nominating primary election shall be held on the last Tuesday in April and the regular municipal election on the First Tuesday of May.

2. The terms of office of mayor-commissioner and commissioners from Wards 2 and 3 shall end at 12:00 noon on Friday following the first Tuesday of May, 1987. The terms of office of Wards 1 and 4 shall terminate at 12:00 noon on Friday following the first Tuesday of May, 1989.

APPENDIX 4

District W1 - Commencing in the west at the intersection of Johnson Bayou and Beach Drive, east on Beach Drive to 6th Street; east on 6th Street (Business 98) to Watson Bayou; north along Watson Bayou to 7th Street; east on 7th Street to east City limits; south on east City limits to shore line; west along shore line to Johnson Bayou inlet (point of origin).

District W2 - Commencing in the southwest at the intersection of Jenks Avenue and 6th Street (Business 98), north on Jenks Avenue to north City limits; east on north City limits to east City limits; south on east City limits to 7th Street; west on 7th Street to Watson Bayou; south along Watson Bayou to 6th Street (Business 98); west on 6th Street to Jenks Avenue (point of origin).

District W3 - Commencing in the southwest at the intersection of the shore line and Clay Avenue, north on Clay Avenue to 15th Street; east on 15th Street to Frankford Avenue; north on Frankford Avenue to north City limits; along City limits to Jenks Avenue; south on Jenks Avenue to 6th Street (Business 98); west on 6th Street to Beach Drive; west on Beach Drive to Johnson Bayou inlet; south along Johnson Bayou inlet to shore line; west along shore line to Clay Avenue (point of origin).

District W4 - Commencing in the southeast at the intersection of Clay Avenue and the shore line, north on Clay Avenue to 15th Street; east on 15th Street to Frankford Avenue; north on Frankford Avenue to shore line; west, south and east along shore line to Clay Avenue (point of origin).